Case 7:20-cv-00096   Document 1-4   Filed on 04/03/20 in TXSD   Page 2 of 52

DC-20-83
Filed: 2/27/2020 3:57 PM
Starr County - District Clerk
Orlando Jasso, Jr., District Clerk
Starr County, Texas
Maria Guerra

CAUSE NO. DC-20-83

| | | |
|---|---|---|
| MARCO A. LOPEZ, JR. | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | STARR COUNTY, TEXAS |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § § § | 381ST JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION and PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW MARCO A. LOPEZ, JR., Plaintiff herein, complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant herein, and for cause of action respectfully shows the Court the following:

**I.**

This case is intended to be conducted as a Level 2 Discovery Control Plan case.

**II.**

Plaintiff is a resident of Starr County, Texas.

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is an insurance company doing business in the state of Texas and said Defendant may be served with process herein by serving its registered agent for service via Certified Mail, Return Receipt Requested, to wit: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**III.**

This suit is brought pursuant to the law of negligence and venue is proper in Starr County, Texas since the motor vehicle collision made the basis of this suit occurred in Starr County, Texas and also because Starr County is where the Defendant State Farm Mutual

Automobile Insurance Company's policy beneficiary (i.e. the Plaintiff) resided at the time of the collision made the basis of this lawsuit.

### IV.

A vehicular collision occurred at the crossover intersection of eastbound U.S. Highway 83 and Montalvo Hill Rd. in Starr County, Texas on or about March 1, 2016 at approximately 4:25 p.m. between a vehicle (2013 Dodge Ram 1500 pick-up truck) operated by the Plaintiff MARCO A. LOPEZ, JR., and a vehicle (1999 Dodge Ram 1500 pick-up truck) operated by an adverse underinsured motorist/tortfeasor Juan C. Lopez. At said time and place, Plaintiff was in obeyance of all applicable traffic regulations with the right of way in his favor traveling eastbound on the inside eastbound lane of U.S. Highway 83, when suddenly and without warning, the vehicle operated by the adverse underinsured motorist Juan C. Lopez failed to fully stop and yield the right of way at the southbound highway crossover stop sign, and thereby caused a collision of great force and violence between his vehicle and the Plaintiff's vehicle [despite Plaintiff's efforts to take evasive action to avoid the collision]. As a result of the initial impact between the vehicles operated by the underinsured motorist and the Plaintiff, the Plaintiff's vehicle was knocked off it's path of travel and then struck a 2000 Ford Mustang operated by Celestino Molina, Jr. which at the time in question was stationary facing northbound on Montalvo Hill Rd. in the vicinity of the northbound stop sign. As a proximate result of the above described collisions the Plaintiff MARCO A. LOPEZ, JR. suffered serious, severe and disabling personal bodily injuries. The collisions and Plaintiff's injuries were a proximate result of the underinsured motorist/tortfeasor Juan C. Lopez' negligence.

### V.

At the time of the collision in question and thereafter on account of the severity of the

Plaintiff's bodily injuries and legal damages, the Fred Loya automobile liability insurance policy (#63481910168) covering the aforesaid adverse underinsured motorist/tortfeasor Juan C. Lopez was insufficient to cover the Plaintiff's legal damages and therefore Juan C. Lopez is an "underinsured motorist" as said term is defined in the Texas Insurance Code, and as also defined in the policy (#199 8859-F25-53J) of automobile insurance issued by the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and which was covering the Plaintiff at the time of the collision in question.

Hence, the Plaintiff hereby claims benefits due under the uninsured/underinsured motorist provision of the auto insurance policy issued by the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to Plaintiff MARCO A. LOPEZ, JR.'s parents Marco A. Lopez, Sr. and Martha Lopez (i.e. policy #199 8859-F25-53J) which was in force and effect and providing coverage to the Plaintiff and the 2013 Dodge Ram pick-up truck which was being operated by Plaintiff MARCO A. LOPEZ, JR. at the time of the collision in question.

The limits of per person bodily injury coverage for underinsured motorist benefits as specified in said policy (#199 8859-F25-53J) issued by the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY are Thirty Thousand Dollars ($30,000.00). Said benefits claimed by the Plaintiff from Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY are those which represent and/or will represent that portion of the Plaintiff's damages found in this cause which exceed the $30,000.00 amount of per person liability insurance coverage which was available from the underinsured motorist/tortfeasor Juan C. Lopez' automobile liability insurance policy (#63481910168) with Fred Loya Insurance Company.

**VI.**

The injuries to the Plaintiff were proximately caused by the negligent acts and/or omissions of the underinsured motorist/tortfeasor Juan C. Lopez, in, but not limited to, the following particulars:

1) Driving a vehicle in willful or wanton disregard for the safety of persons or property;

2) Failing to keep a proper lookout;

3) Failing to properly and timely apply brakes;

4) Failing to maintain proper control of his vehicle;

5) Failing to turn his vehicle to avoid an impending collision;

6) Failing to give proper warning of an impending collision;

7) Traveling at a greater rate of speed than a person of ordinary prudence under the same or similar circumstances which action resulted in the collision in question, and therefore also constitutes prima facie evidence that the speed of underinsured motorist's vehicle was not reasonable and prudent, and that such speed was unlawful; and

8) Failing to stop, yield and grant immediate use of the roadway to the Plaintiffs' vehicle in obedience to a stop sign and traffic control regulations.

**VII.**

As a proximate result of the underinsured motorist/tortfeasor Juan C. Lopez' negligence, the Plaintiff, MARCO A. LOPEZ, JR., has been injured in the following particulars:

1) Physical pain and mental anguish, past and future;

2) Medical care expenses, past and future;

3) Physical impairment, past and future; and

4) Loss of earning capacity, past and future.

## VIII.

Should it be shown that the Plaintiff was suffering from any pre-existing injury, disease and/or condition at the time of the collision in question, then Plaintiff will show that the same was aggravated and/or exacerbated by the superimposition of the trauma caused by the above-described collision.

Plaintiff hereby provides notice of intent to utilize such admissible and relevant materials and/or items produced in discovery by Defendant against that same party defendant which produced such materials and/or items. The authenticity of such material and/or items will be deemed self-proven as permitted by TRCP 193.7.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment to be rendered against the Defendant for the Plaintiff's actual damages in an amount of over $200,000.00 but not more than $1,000,000.00 favoring the Plaintiff, in accordance with T.R.C.P. 47 (c)(4), as well as for pre-judgment interest, post-judgment interest, court costs, and all such other relief, at law or in equity, to which the Plaintiff may be justly entitled from the Defendant.

## IX.

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

PURSUANT TO Texas Rules of Civil Procedure, Rule 194, the Defendant is requested to disclose, within fifty (50) days of the service of this request upon the Defendant, the information or material described in Texas Rules of Civil Procedures, Rule 194.2(a)-(l), including specifically:

(a) The correct names of the parties to the lawsuit;

(b) The name, address, and telephone number of any potential parties;

(c) The legal theories and, in general, the factual basis of the responding party's claims or defenses;

(e) The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) For any testifying expert:

(1) The expert's name, address, and telephone number;
(2) The subject matter on which the expert will testify;
(3) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
(4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(A) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
(B) The expert's current resume and bibliography;

(g) All discoverable indemnity and insuring agreements;

(h) All discoverable settlement agreements;

(i) All discoverable witness statements;

(j) All medical records and bills in your possession that are reasonably related to the physical and/or mental injuries or damages asserted by the Plaintiff MARCO A. LOPEZ, JR. to have resulted from the occurrence that is the subject of this case;

(k) All medical records and bills obtained by the responding party by virtue of an authorization, if any, furnished by and/or on behalf of the Plaintiff; and

(l) The name, telephone number, and address of each person or entity that Defendant claims is a responsible third party.

Respectfully submitted,

**LAW OFFICES OF MICHAEL E. FLANAGAN**
809 Chicago Avenue
McAllen, Texas 78501
TEL:   (956) 683-0333
FAX:   (956) 683-0222
EMAIL: mike@lomef.com

BY: _____
**MICHAEL E. FLANAGAN**
State Bar No. 07107550

ATTORNEY FOR PLAINTIFF