Case 7:20-cv-00096 Document 11 Filed on 06/12/20 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 12, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARCO A. LOPEZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00096 |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Court now considers "Plaintiff's Motion to Remand."[1] Although Defendant filed a response,[2] the response was stricken for failure to comply with Local Rule 7.4.D.[3] To date, Defendant has not filed any corrected response. Accordingly, the time for response has passed and Plaintiff's motion is considered unopposed by operation of Local Rule.[4] After considering the motion, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case to state court.

### I. BACKGROUND AND PROCEDURAL HISTORY

All allegations are taken from "Plaintiff's Original Petition and Plaintiff's Request for Disclosure to Defendant," which is the live complaint in this case.[5] On March 1, 2016, Plaintiff Marco A. Lopez, Jr., was driving eastbound on U.S. Highway 83.[6] Juan C. Lopez, driving his truck, emerged from Montalvo Hill Road where it intersects with U.S. Highway 83 in Starr

---

[1] Dkt. No. 5.
[2] Dkt. No. 7.
[3] Dkt. No. 8.
[4] LR7.4.
[5] Dkt. No. 1-4.
[6] *Id.* at 2.

County, Texas.[7] Plaintiff alleges that Juan Lopez failed to fully stop and yield the right-of-way at the stop sign on Montalvo Hill Road before merging onto the highway.[8] Despite Plaintiff's evasive maneuver, Plaintiff struck Juan Lopez's vehicle and then veered into Celestino Molina, Jr.'s vehicle which was then stationary at the stop sign on Montalvo Hill Road.[9] Plaintiff alleges that Juan Lopez's automobile insurance policy was limited to $30,000 and the limits were insufficient to cover Plaintiff's damages, so Plaintiff claims "benefits due under the uninsured/underinsured motorist provision of the auto insurance policy issued by the Defendant" to Plaintiff's parents, which was in effect for the vehicle that Plaintiff was operating at the time of the collision.[10] The limits of the "per person bodily injury coverage for underinsured motorist benefits as specified" in Defendant's automobile insurance policy are $30,000, which Plaintiff claims as his damages because Juan Lopez's $30,000 policy limits are insufficient to cover Plaintiff's damages.[11]

Plaintiff commenced this case in the 381st Judicial District Court of Starr County, Texas,[12] on February 27, 2020.[13] Plaintiff's Original Petition includes a request for "actual damages in an amount of over $200,000.00 but not more than $1,000,000.00 favoring the Plaintiff" against Defendant State Farm.[14] Plaintiff's claim is evidently for Defendant's alleged breach of its automobile insurance policy.[15] On April 3, 2020, Defendant filed an answer in state court[16] and removed to this Court.[17] Although the service of process does not indicate when

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 3.
[11] *Id.*
[12] *See* TEX. GOV'T CODE ANN. § 24.526 (West 2020).
[13] Dkt. No. 1-4.
[14] *Id.* at 5 (citing TEX. R. CIV. P. 47(c)(4)).
[15] *See* Dkt. No. 1 at 2, ¶ 4.
[16] *See* Dkt. No. 1-5.
[17] Dkt. No. 1.

service on Defendant was accomplished,[18] Defendant represents that "[p]ursuant to 28 U.S.C. § 1446 this notice of removal was filed within thirty (30) days after service on Applicant of Plaintiff's Original Petition from which it was first ascertained that the case is one which is removable."[19] Defendant asserts that this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship and the amount Plaintiff seeks "exceeds $75,001.00."[20]

Plaintiff moved to remand this case back to state court on May 1, 2020.[21] As detailed above, Defendant failed to respond.[22] The motion to remand is now ripe for consideration.

## II. DISCUSSION

### a. Legal Standard

It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[23] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[24] While the Court has jurisdiction to determine its jurisdiction,[25] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[26] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[27] Where the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate

---

[18] *See* Dkt. No. 1-3.
[19] Dkt. No. 1 at 1, ¶ 2.
[20] *Id.* at 1–2.
[21] Dkt. Nos. 5–6 (citing 28 U.S.C. § 1447(c)).
[22] *See* Dkt. Nos. 7–8.
[23] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).
[24] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[25] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[26] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).
[27] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

complete diversity, that each defendant is a citizen of a different state from each plaintiff,[28] and that the amount in controversy exceeds $75,000.[29] "[R]emoval statutes are to be strictly construed against removal; doubts as to removal are resolved in favor of remanding the case to state court."[30] Specifically, the Court will resolve all legal and factual issues, doubts, and ambiguities in favor of remand,[31] because the exercise of jurisdiction over a removed case "deprives a state court of a case properly before it and thereby implicates important federalism concerns."[32]

When the amount in controversy is at issue, the Court makes an arithmetical assessment of the claims and values at issue as of the moment of removal; subsequent events which purport to change the amount in controversy do not oust the Court's jurisdiction.[33] The party invoking federal diversity jurisdiction "bears the burden of establishing the amount in controversy by a preponderance of the evidence."[34] If the plaintiff claims a specific amount in the complaint, the amount stated "is itself dispositive of jurisdiction if the claim is apparently made in good faith."[35]

---

[28] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).
[29] 28 U.S.C. § 1332(a).
[30] *Tebon v. Travelers Ins. Co.*, 392 F. Supp. 2d 894, 898 (S.D. Tex. 2005) (Jack, J.) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) & *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[31] *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *Guillory v. PPG Indus.*, 434 F.3d 303, 308 (5th Cir. 2005)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'" (alteration in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999))).
[32] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. . . . Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").
[33] *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").
[34] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).
[35] *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (quotation omitted).

However, a plaintiff's bare allegations do not "invest a federal court with jurisdiction."[36] The Fifth Circuit explained,

> [w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.[37]

"In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists."[38] The removing defendant can meet its burden if it shows by a preponderance of the evidence that: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount"[39] such as "affidavits and deposition testimony."[40] The standard is the same upon the plaintiff if the plaintiff asserts that the district court has federal diversity jurisdiction.[41] If the removing party carries its burden, the party opposing removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold."[42]

---

[36] *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *abrogated on other grounds*, 544 U.S. 431 (2005).
[37] *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).
[38] *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see Scarlott*, 771 F.3d at 888 (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).
[39] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").
[40] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).
[41] *Dudenhefer v. State Farm Fire & Cas. Co.*, No. CIV.A. 10-629, 2010 WL 2010219, at *2 n.1 (E.D. La. May 18, 2010) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009); 14A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3702.2 (4th ed. Supp. Apr. 2020).
[42] *Chavez*, 746 F. App'x at 341. The amount claimed controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *accord De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir.

Generally, attorneys' fees are not includible in determining the amount in controversy, but the exceptions are where attorneys' fees are provided for by contract and where "a statute mandates or allows the payment of such fees."[43] For example, when ascertaining the amount in controversy under an insurance policy, the amount includes the policy limits, potential attorneys' fees, penalties, statutory damages, and punitive damages, but not interest or costs.[44]

### b. Analysis

The Court ordinarily takes Plaintiff's prayer for at least $200,000—more than the jurisdictional threshold—in good faith.[45] Plaintiff, however, contests that his own amount prayed for is asserted in good faith. Plaintiff admits that his "Original Petition in this case, in retrospect, was not artfully or accurately stated to reflect what recovery was truly being sought from the Defendant by the Plaintiff."[46] Instead,

> the truth of the matter is that Plaintiff is seeking payment from the Defendant (insurer) State Farm Mutual Automobile Insurance Company (hereinafter referred to simply as STATE FARM), solely the amount of the per person underinsured motorist insurance coverage benefits provided by the State Farm insurance policy at issue, which are only Thirty Thousand and no/100ths Dollars ($30,000.00). Plaintiff's pleadings in no way intimates, expressly or otherwise, that Plaintiff is seeking any extracontractual recovery from the Defendant State Farm.[47]

Plaintiff also submitted an affidavit purporting to stipulate that he will not "ever seek a sum of money greater than Thirty Thousand Dollars from the Defendant as my damages in this cause of action, exclusive of interest and costs,"[48] but "[l]itigants who want to prevent removal must file a

---

1995) (holding that, if the amount claimed is not in good faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").
[43] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).
[44] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & nn.6–7 (5th Cir. 1998).
[45] Dkt. No. 1-4 at 5; 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").
[46] Dkt. No. 5 at 4–5.
[47] *Id.* at 2, ¶ i.
[48] Dkt. No. 5-4.

binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."[49] The affidavit has no effect on the Court's determination.

Plaintiff's complaint does not appear to seek attorneys' fees or other sums that may increase the amount in controversy.[50] Indeed, Plaintiff's argument about what amounts are truly in controversy finds support in Plaintiff's complaint:

> [T]he Plaintiff hereby claims benefits due under the uninsured/underinsured motorist provision of the auto insurance policy issued by the Defendant . . . . The limits of per person bodily injury coverage for underinsured motorist benefits as specified in said policy (#199 8859-F25-533) issued by the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY are Thirty Thousand Dollars ($30,000.00). Said benefits claimed by the Plaintiff . . . are those which represent and/or will represent that portion of the Plaintiff's damages found in this cause which exceed the $30,000.00 amount of per person liability insurance coverage which was available from the underinsured motorist/tortfeasor . . . .[51]

The applicable policy limits do appear to be $30,000,[52] and Plaintiff and Defendant are unified in their belief that Plaintiff cannot recover more than $30,00 by this action.[53] Accordingly, the Court holds that Defendant, as the party invoking federal jurisdiction, has failed to overcome the presumption in favor of federalism and meet its burden to show that the amount in controversy exceeds the jurisdictional threshold to vest this Court with federal diversity jurisdiction under 28 U.S.C. § 1332. Neither party has pointed to any factual allegations warranting an inference that the amount in controversy exceeds the jurisdictional threshold.[54]

---

[49] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (emphasis added) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).
[50] *See* Dkt. No. 1-4 at 5.
[51] *Id.* at 3.
[52] *See* Dkt. No. 5-3.
[53] *See* Dkt. No. 1-4 at 3; Dkt. No. 1-5 at 2, ¶ 7 ("Defendant would show that any recovery made by Plaintiff, Marco A. Lopez, Jr., for contractual benefits cannot exceed the State Farm policy limit applicable to this claim.").
[54] *See Vanguard Mach. Int'l, L.L.C. v. Smith Publ'g*, No. H-07-3490, 2008 U.S. Dist. LEXIS 10610, at *5 (S.D. Tex. Feb. 13, 2008) (Lake, J.) (citing *Asociacion Nacional de Pescadores a Pequena Escala o Artensanales de Colombia (ANPAC) v. Dow Quimica de Colombia*, 988 F.2d 559, 565–66 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)) ("[W]hether it is facially apparent that a plaintiff's claims will likely exceed the jurisdictional amount largely depends on whether the facts alleged in the petition warrant such an inference.").

### III. HOLDING

The Court **GRANTS** Plaintiff's motion to remand[55] and **REMANDS** this case to the 381st Judicial District Court of Starr County, Texas. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of June 2020.

                                              Micaela Alvarez
                                          United States District Judge

---

[55] Dkt. No. 5.